*Chen v. Garland*
BIA
Poczter, IJ
A208 603 112

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty-two.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges.*

———————————————————————

YONGXING CHEN,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

19-4080
NAC

———————————————————————

FOR PETITIONER: Richard Tarzia, Law Office of Richard Tarzia, Belle Mead, New Jersey.

FOR RESPONDENT: Jeffrey Bossert Clark, Acting

Assistant Attorney General; Anthony C. Payne , Assistant Director; Jennifer A. Bowen, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yongxing Chen, a native and citizen of the People's Republic of China, seeks review of a November 22, 2019 decision of the BIA dismissing his appeal of a March 22, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  *In re Yongxing Chen,* No. A208 603 112 (B.I.A. Nov. 22, 2019), *dismissing appeal*, No. A208 603 112 (Immigr. Ct. N.Y.C. Mar. 22, 2018).  We assume the parties' familiarity with the underlying facts and procedural history.

As an initial matter, Chen's challenge to the agency's jurisdiction on the ground that his notice to appear omitted his hearing date and time is foreclosed because he received a subsequent hearing notice specifying this information and

appeared at his hearings.  *See Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019) ("We conclude that an NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent . . . ."); *see also Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021) (per curiam) (reaffirming the jurisdictional holding of *Banegas Gomez*).

Accordingly, we address the agency's decisions and review the IJ's decision as modified and supplemented by the BIA. *See Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  When, as is the case here, "the BIA agrees with an IJ's adverse credibility determination and adopts particular parts of the IJ's reasoning, we review the decisions of both the BIA and the IJ." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (quoting *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008) (per curiam)).  "Our review of the IJ's decision includes the portions not explicitly discussed by the BIA, but not those grounds explicitly rejected by the BIA." *Id.*

3

(alterations, citations, and internal quotation marks omitted).

"We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, which requires that they be supported by reasonable, substantial and probative evidence in the record when considered as a whole." *Id.* (internal quotation marks omitted). An alien challenging an adverse credibility finding "bears a particularly heavy burden" under the substantial evidence standard, "which — absent some legal error — requires us to 'defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.'" *Likai Gao v. Barr*, 968 F.3d 137, 144 (2d Cir. 2020) (quoting *Hong Fei Gao*, 891 F.3d at 76 (ellipsis omitted)); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."). "When an IJ or BIA decision contains errors, 'we may nevertheless deem remand futile and deny the petition for review if (1) substantial evidence in the record

4

relied on by the IJ, considered in the aggregate, supports the IJ's finding that petitioner lacked credibility, and (2) disregarding those aspects of the IJ's reasoning that are tainted by error, we can state with confidence that the IJ would adhere to his decision were the petition remanded.'" *Lianping Li v. Lynch*, 839 F.3d 144, 149 (2d Cir. 2016) (per curiam) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 166–67 (2d Cir. 2007)).

The REAL ID Act of 2005, Pub L. No. 109-13, 119 Stat. 302 (2005), provides that an asylum applicant bears the burden of satisfying the trier of fact that his testimony is credible. *See* 8 U.S.C. § 1158(b)(1)(B)(i),(ii). "[A]n agency assessing credibility may itself properly consider the totality of the circumstances, including the candor and responsiveness of the applicant, the inherent plausibility of his account, his demeanor while testifying, and the consistency of his account, both internally and as compared with other evidence, 'without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim.'" *Likai Gao*, 968 F.3d at 144–45 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

5

Under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). "[A]lthough IJs may rely on non-material omissions and inconsistencies, not all omissions and inconsistencies will deserve the same weight." *Hong Fei Gao*, 891 F.3d at 77. "In the immigration context, in assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances." *Id.* at 78–79. Furthermore, "an omission by a third party may form a basis for an adverse credibility determination," but "where a third party's omission creates no *inconsistency* with an applicant's own statements[,] . . . an applicant's failure to explain third-party omissions is less probative of credibility than an applicant's failure to explain his or her own omissions." *Id.* at 81.

Here, the IJ concluded that Chen was not credible based

6

on the totality of the circumstances, including his demeanor and responsiveness.[1]  In making this adverse credibility determination, the IJ relied on omissions — in Chen's written materials, a letter from his father, and a letter from his wife — of facts regarding visits by the police to Chen's home in China, the religious beliefs of his wife and brother, and his brother's past persecution on the basis of his religion, as well as Chen's characterization of his introduction to Christianity.  Moreover, the IJ found, and the BIA agreed, that Chen's corroborative evidence did not sufficiently rehabilitate the discredited testimony or independently fulfill his burden of proof, a conclusion that Chen does not directly challenge on appeal.  Under the deferential standard of review for these determinations, we cannot conclude that "no reasonable fact-finder could make such an adverse credibility ruling," *Hong Fei Gao*, 891 F.3d at 76 (internal quotation marks omitted), and accordingly we deny Chen's petition.

First, the IJ found that although Chen testified for the

_____

[1] The IJ found Chen's sister, who testified at his hearing, credible but determined that her testimony could not cure the deficiencies in Chen's testimony.

7

first time on cross-examination that the Chinese police visited his family's home two times in 2017 to check if he was there, he did not add this information to his application or written statement in the course of making other updates to those materials, which were filed in 2016. The IJ also remarked that Chen did not mention in his written statement that his wife, brother, and sister became Christians or that his brother was persecuted in China on the basis of his religion. As the BIA noted, Chen did indeed mention these facts regarding his wife and siblings in his application, albeit without further detail. We acknowledge that "asylum applicants are not required to list every incident of persecution on their I-589 statements." *Lianping Li*, 839 F.3d at 150 (quoting *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006)). Nonetheless, we conclude that the IJ reasonably relied on these omissions in making the adverse credibility finding given that these facts constitute the type of information "that a credible petitioner would reasonably have been expected to disclose," *Hong Fei Gao*, 891 F.3d at 79, especially while making other updates to his materials.

In addition, the IJ cited omissions in letters from

8

Chen's wife and father: specifically, that neither his wife nor his father updated their letters to include information about the two police visits in 2017, that his wife's letter did not mention that she is a Christian, and that his father's letter did not mention Chen's brother's persecution on the basis of his religion. While an applicant's failure to account for third-party omissions is "less probative of credibility than an applicant's failure to explain his or her own omissions," *id.* at 81, we conclude that the IJ properly relied on these material omissions as part of her consideration of the record as a whole and under the REAL ID Act's provision that "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination," *Xiu Xia Lin*, 534 F.3d at 167.

Finally, the IJ found an inconsistency between Chen's claim in his written statement that a co-worker introduced him to Christianity in 2015 and his testimony that his brother had mentioned Christianity to him in 2007 and asked him to go to church. Assuming *arguendo* that we agree with Chen's contention that his testimony was not in fact inconsistent, we conclude that "the agency's ultimate ruling . . . is

9

supported by substantial evidence" and that "the same decision would be made on remand" in light of the aforementioned omissions cited by the IJ. *Lianping Li*, 839 F.3d at 150. Accordingly, we discern no reason for remand based on this alleged error.

Because we conclude that substantial evidence supported the IJ's adverse credibility determination, we need not address the IJ's alternative holding that Chen failed to meet his burden to establish a well-founded fear of future persecution. Furthermore, the IJ's determination that Chen was not credible is dispositive of Chen's claims for asylum and withholding of removal because they are based on the same factual predicate.[2] *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

---

[2] Chen did not appeal the IJ's denial of his request for CAT relief to the BIA and does not raise the issue in this appeal.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court